IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TIFFANY COX and ALPHONSO    )
KEMP, as Parents and natural guardians    )     C.A. No. K19C-11-002 NEP
of K.K., a minor,    )     In and For Kent County
   )
          Plaintiffs,    )
      v.    )
   )
BAYHEALTH MEDICAL CENTER    )
INC., a Delaware Corporation, ROBERT    )
Q. SCACHERI, M.D., BEVERLY A.    )
SANTANA, MSN, CNM and    )
DEDICATED TO WOMEN OB-GYN,    )
P.A.,    )
   )
         Defendants.    )

Submitted: March 23, 2020
Decided: April 30, 2020

## ORDER

### *Upon Review of the Affidavits of Merit*
### *ACCEPTED*

This matter involves a healthcare negligence suit filed by Plaintiffs Tiffany Cox

and Alphonso Kemp, as parents and guardians of K.K., a minor child, against Defendants

Robert Scacheri, M.D., Beverly Santana, MSN, CNM, Bayhealth Medical Center, Inc.,

and Dedicated to Women OB-GYN, P.A., (all Defendants hereinafter collectively

"Defendants"). Defendants Beverly Santana, MSN, CNM (hereinafter "Moving

1

Defendant Santana"), and Dedicated to Women OB-GYN, P.A. (hereinafter "Moving Defendant DTW"), have asked the Court to review the affidavits of merit filed in this case to determine whether they satisfy 18 *Del. C.* § 6853.

Plaintiffs filed their Complaint on November 1, 2019, alleging that Defendants were medically negligent and breached the applicable standard of care, and that as a result, K.K. suffered severe and permanent hypoxic ischemic brain injury. The Complaint alleges that Moving Defendant Santana specializes in nursing and midwifery and Moving Defendant DTW provides obstetrical and gynecological services to the general public.

On March 3, 2020, this Court issued an Order finding that two of the three affidavits of merit applicable to Moving Defendants failed to satisfy statutory requirements because the *curriculum vitae* of each expert appeared to be out of date.[1] The Court deferred decision on those two affidavits, giving Plaintiffs an additional twenty-one days from the date of its Order to bring the affidavits of merit into compliance with 18 *Del. C.* § 6853(c), *i.e.*, by providing current *curricula vitae.* Plaintiffs have timely done so, and thus the updated affidavits of merit are discussed below.

---

[1] *See Cox v. Bayhealth Medical Center, Inc.,* 2020 WL 1061789, at *2 (Del. Super. Mar. 3, 2020) (*curricula vitae* of expert who was a physician and of expert who was a registered nurse and certified nurse midwife did not appear to be current). The Court found that the affidavit of merit of the third expert, a registered nurse, complied with 18 *Del. C.* § 6853(a)(1) and (c). *Id.*

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is Board certified.[3] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a manner that proximately caused the plaintiff's injury.[4] The affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[5] The affidavit's requirements are "purposefully minimal."[6] Affidavits that merely track the statutory language are deemed sufficient.[7]

---

[2] 18 *Del. C.* § 6853(a)(1).

[3] *Id.* § 6853(c). Of course, these requirements apply only if the expert is a physician, and the requirements regarding "same or similar field" apply only if the defendant is a physician. *McNulty v. Correct Care Solutions, LLC,* 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (requirement of "same or similar" Board certification does not apply where defendant is not a physician); *accord Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1) (Del. Super. Apr. 22, 2019) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."). Here, the statutory requirements of "same or similar" Board certification, and practice in the "same or similar field," are not applicable to Moving Defendants because neither Moving Defendant DTW nor Moving Defendant Santana is a physician. Moreover, all three experts in the present case may speak to whether Moving Defendants were negligent.

[4] 18 *Del. C.* § 6853(c).

[5] *Id.* § 6853(d).

[6] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[7] *Dishmon*, 32 A.3d at 342–43.

With regard to the two affidavits of merit that were deferred by the Court's March 3, 2020, Order, the Court has performed an *in camera* review.

Turning to the first expert, a physician, the Court finds as follows:

a. The expert signed the affidavit.

b. The current *curriculum vitae* of the expert is attached.

c. The expert was licensed to practice medicine as of the date of the affidavit.

d. Although the "same or similar field" requirements are not applicable because Moving Defendants are not physicians, the expert is Board certified in the fields of Obstetrics and Gynecology and Maternal-Fetal Medicine and has experience in those areas.

e. The affidavit states that reasonable grounds exist to believe that Moving Defendants, along with the other Defendants, breached the applicable standard of care, and that the breaches were a proximate cause of the injuries to K.K.

As for the second expert, the Court finds as follows:

a. The expert signed the affidavit.

b. The current *curriculum vitae* of the expert is attached.

c. The expert, who is a registered nurse and certified nurse midwife, has training and experience in those fields.

d. The affidavit states that reasonable grounds exist to believe that Moving

4

Defendants, along with the other Defendants, breached the applicable standard of care, and that the breaches were a proximate cause of the injuries to K.K.

**WHEREFORE**, in consideration of the above, the Court finds that the two affidavits of merit previously deferred in the Court's decision of March 3, 2020, comply with 18 *Del. C.* § 6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress*
oc:   Prothonotary
       Counsel of Record
       File